UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| ROBERT E. STEPHENS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 07-301-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| UNITED STATES FOREST SERVICE, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Pro se Plaintiff Robert E. Stephens filed this action on August 30, 2007, challenging the United States Forest Service's controlled burning plan for portions of the National Forest located in McCreary County, Kentucky. [Record No. 1] His motion to proceed *in forma pauperis* was subsequently denied and the filing fee was paid on October 23, 2007. [Record No. 5]

On March 31, 2008, the Clerk of the Court docketed a pleading filed by the Plaintiff as a motion seeking a preliminary injunction. [Record No. 7] The body of the pleading outlines conversations involving the Plaintiff and persons at the Stearns Ranger District and the United States Forest Service office in Winchester, Kentucky. According to the Plaintiff, these individuals have indicated to him that his suit does not prevent their planned burning activities. The last paragraph of the Plaintiff's pleading requests an injunction to prevent the various offices from conducted prescribed burning until a final decision has been made by the Court on the merits of the Complaint.

**I.      Relevant Facts**

A review of the docket sheet for this action indicates that a summons for service on the Defendant was not issued until January 23, 2008. [Record No. 6] And based upon a review of the summons issued on that date, it appears that the Plaintiff has attempted to serve the Defendant at the following address: U.S. Forest Service, 3320 Highway 27 North, Whitley City, Kentucky 42653. As of this date, the Defendant has not filed a response to the Plaintiff's Complaint.

> **Serving the United States and Its Agencies, Corporations, Officers, or Employees**

Rule 4(i) outlines the method of serving agencies of the United States, such as the Defendant named in this action. This rule provides:

> (1) United States. To serve the United States, a party must:
>
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district were the action is brought – or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk – or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency officer.

Rule 4(i), Fed. R. Civ. P.

Rule 4(m) of the Federal Rules of Civil Procedure contains a time limit within which Defendants should be served with a copy of the Complaint and Summons. This rule provides that, "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. . . ." Rule 4(m), Fed. R. Civ. P.

Because of the apparent oversight in having summons issued, the Court will extend the time within which the Plaintiff may complete service of process by sixty (60) days from the entry of this Order. However, the Plaintiff is cautioned that he must complete service in the manner required by the Federal Rules of Civil Procedure. In the event he fails to do so, his Complaint will be dismissed in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.

The Court also notes that before it may consider the propriety of injunctive relief under Rule 65 of the Federal Rules of Civil Procedure, the Defendant must be given proper notice. *See* Rule 65(a), Fed. R. Civ. P. And while a temporary restraining order is available in certain circumstances without notice (*see* Rule 65(b), Fed. R. Civ. P.), a party is required to required certify the efforts he or she has undertaken to give notice and explain why notice should not be required. Here, the conversations outlined with various employees of the Defendant are insufficient to put the Defendant on notice that he is seeking injunctive relief. Likewise, the Plaintiff has failed to adequately explain why notice should not be required.

Being sufficiently advised, it is hereby

**ORDERED** that the Plaintiff's motion for a preliminary injunction is **DENIED**. The Plaintiff is further advised that unless he completes service of process over the Defendant in the manner required by Rule 4 of the Federal Rules of Civil Procedure within sixty (60) days of this Order, his civil action will be dismissed.

This 4th day of April, 2008.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge