UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| ROBERT E. STEPHENS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 07-301-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| UNITED STATES FOREST SERVICE, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant United States Forest Service's ("USFS") Motion to Dismiss Plaintiff Robert E. Stephens' ("Stephens") *pro se* Complaint. [Record Nos. 10, 1]  USFS asserts that Stephens has failed to exhaust his administrative remedies, depriving this Court of jurisdiction and requiring dismissal under Federal Rules of Civil Procedure 12(b)(1) and (6).  For the reasons discussed below, the will grant USFS's motion and dismiss Stevens' Complaint.

**I.    BACKGROUND**

Plaintiff Robert E. Stephens is a resident of McCreary County, Kentucky, which is home to part of the Daniel Boone National Forest ("DBNF").  On July 19, 2007, USFS, a division of the United States Department of Agriculture ("USDA"), released a Decision Notice regarding the East Stearns Fuel Treatment and Preparedness Project ("East Stearns Project").  The East Stearns Project is a "fuel reduction and wildfire preparedness project"

specific to the Stearns Ranger District, a district of the DBNF encompassing McCreary, Pulaski, and Whitley Counties. [Record No. 1-2] Specifically, the East Stearns Project prescribes burning within these areas of the DBNF to allow "for a return of fire's natural role in the landscape," "reduce the risk of catastrophic wildfire," and "improve forest health." [Record No. 1-2]

On August 30, 2007, Stephens filed suit challenging the USFS's decision to conduct the East Stearns Project. [Record No. 1] He alleges that the East Stearns Project would pollute the air, water, and soil in the three counties, to the extreme detriment of people who lived and visited the area. On March 31, 2008, after Stephens had spoken with several USFS officials in Winchester, Kentucky, who planned to proceed with the prescribed burning, Stephens sought a preliminary injunction against the USFS. [Record No. 7] His motion was denied by the Court and, thereafter, USFS sought dismissal of Stephens' Complaint for lack of subject matter jurisdiction.

## II.  STANDARD OF REVIEW

USFS moves to dismiss Stephens' claims both for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In addressing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Ley v. Visteon Corp.*, 540 F.3d 376, 380 (6th Cir. 2008); *Lillard v. Shelby County Bd. of*

*Educ.*, 76 F.3d 716, 724 (6th Cir. 1996). "Factual allegations contained in a complaint must raise a right to relief above the speculative level." *Bassett v. Nat'l College Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007)). Heightened fact pleading of specifics is not required – only enough facts to state a claim to relief that is plausible on its face. *Id.* The Court may consider the complaint, as well "any exhibits attached thereto, public records, [and] items appearing in the record of the case." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (citation omitted).

Motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure fall in to two categories: facial attacks and factual attacks. A facial attack challenges the pleading itself and the Court will take all material allegations in the complaint as true, and construe them in the light most favorable to the nonmoving party. *American Telecom Co., LLC v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007). Here, USFS's 12(b)(1) motion to dismiss is a facial attack based on the doctrine of ripeness. Federal courts lack subject matter jurisdiction over claims that are not yet ripe for judicial review. *Norton v. Ashcroft*, 298 F.3d 547, 554 (6th Cir. 2002).

This Court considers USFS's motion to dismiss under either Rule in light of the fact that Stephens proceeds *pro se*. "When determining whether to dismiss a *pro se* complaint, these complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Wagenknecht v. United States*, 533 F.3d 412, 415 (6th Cir. 2008) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, the less stringent standard for pro se

plaintiffs does not compel courts to "conjure up unpleaded facts to support conclusory allegations." *Grinter v. Knight*, 532F.3d 567, 577 (6th Cir. 2008).

### III. LEGAL ANALYSIS

USFS moves to dismiss Stephens' complaint under both Rule 12(b)(6) and Rule 12(b)(1) on the grounds that Stephens has failed to exhaust his administrative remedies. USFS appears to argue that failure to either exhaust or establish ripeness would deprive this Court of subject matter jurisdiction under Rule 12(b)(6). In other words, USFS conflates the overlapping doctrines of exhaustion and ripeness. The Court acknowledges the overlap but, for reasons set forth below, clarifies that exhaustion is properly addressed under Rule 12(b)(6), whereas ripeness falls under Rule 12(b)(1).

#### A. *Exhaustion Under Rule 12(b)(6)*

The exhaustion doctrine serves two purposes. First, it protects the authority of administrative agencies; agencies are able to correct the mistakes made in administering their own programs before "being haled into federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (citation omitted). Second, it promotes efficiency by having agencies "quickly and economically" resolve claims in administrative proceedings. *Id.*

However, a failure to exhaust administrative remedies here is not necessarily a jurisdictional bar. A statutory exhaustion requirement may instead serve as a condition precedent to action in federal district court. *Mitchell v. Chapman*, 343 F.3d 811, 819-820 (6th Cir. 2003). The language of the statute itself determines whether the exhaustion provision is jurisdictional or nonjurisdictional. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515-

516 (2006) ("If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue."). This distinction is important because a nonjurisdictional exhaustion requirement may be excused in certain circumstances, but a jurisdictional exhaustion requirement never may be excused by a court. *Woodford*, 548 U.S. 81.

USFS points out the language of the USDA's Reorganization Act of 1994 that pertains to the exhaustion requirement governing the Forest Service and other USDA agencies:

> Notwithstanding any other provision of law, a person shall exhaust all administrative appeal procedures established by the Secretary or required by law before the person may bring an action in a court of competent jurisdiction against (1) the Secretary; (2) the Department; or (3) an agency, office, officer, or employee of the Department.

7 U.S.C. § 6912(e). This provision is a codification of the judicial doctrine of exhaustion and does not condition a federal district court's exercise of subject matter jurisdiction upon exhaustion. Section 6912(e) does not explicitly mention and deprive federal courts of jurisdiction if administrative remedies are not exhausted. *Weinberger v. Salfi*, 422 U.S. 749, 757 (1975). However, the provision is still mandatory, as an exhaustion requirement can be both nonjurisdictional and mandatory. *Woodford*, 548 U.S. 81. Further, the Court takes note of the circuit courts that have looked directly at § 6912(e) and also determined that it was a nonjurisdictional exhaustion requirement. *Dawson Farms, LLC v. Farm Serv. Agency*, 504 F.3d 592 (5th Cir. 2007); *Ace Prop. & Cas. Ins. Co. v. Fed. Crop Ins. Corp.*, 440 F.3d 992 (8th Cir. 2006); *McBride Cotton & Cattle Corp. v. Veneman*, 290 F.3d 973 (9th Cir. 2002).

In concluding that § 6912(e) is a mandatory, nonjurisdictional exhaustion requirement, this Court clarifies that a motion to dismiss based on exhaustion of remedies is properly addressed under Rule 12(b)(6) rather than Rule 12(b)(1).

### B. *Exhaustion and Futility*

Under the USFS regulations governing administrative appeals, "written appeals, including any attachments, must be filed with the Appeal Deciding Officer within 45 days following the publication date of the legal notice of the decision." 36 C.F.R. § 215.15(a). Within 45 days of the appeal-filing period, the Appeal Deciding Officer decides the outcome of the appeal. During this period, the Responsible Official – the official who made the decision under appeal – must offer to meet with the appellant in order to render an informal disposition. 36 C.F.R. § 215.17. If the Appeal Deciding Officer does not issue a decision within the 45 days after the initial 45-day filing period, then the decision of the Responsible Official is deemed the "final agency action." 36 C.F.R. § 215.15(e)(3).

Stephens does not appear to argue that he in any way attempted to follow the administrative appeal procedures set out in these regulations. In fact, he was aware of the existence and mechanics of the appeal process. Stephens submitted a copy of the Decision Notice regarding the East Stearns Project – which clearly sets out the appeal process – with his Complaint:

> This decision is subject to appeal pursuant to 36 C.F.R. 215.11. A written appeal, including attachments, must be postmarked or received within 45 days after the date a notice is published in the McCreary County Record, Whitley City, Kentucky. This newspaper is published weekly on Tuesday. Appeals must meet content requirements of 36 C.F.R. 215.14.

[Record No. 1-2, p. 15]

Stephens does not deny his awareness of and failure to comply with the appeal process. However, he makes reference to previous attempts to follow the USFS's administrative appeal process. [Record No. 11] Stephens states that "[a]dministrative comments and/or contacts with USFS officials by the Plaintiff are difficult, and have been attempted several times." [Record No. 11, p. 3] Further, Stephens "has[] many times brought his claims as to the context [sic] of USFS Projects, and their decisions based on Regulations promulgated to harvest, burn and pollute all across the DBNF." [Record No. 11, p. 3] Based on these claims, the Court must determine whether Stephens has established that the appeal process would be an exercise in futility.

When resort to an administrative review process is futile, exhaustion of remedies is not required before filing suit in federal court. *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 420 (6th Cir. 1998). As an exception to the exhaustion requirement, futility is "quite restricted" and the litigant must "make a clear and positive indication that further administrative review would have come to naught." *Dozier v. Sun Life Assur. Co. of Canada*, 466 F.3d 532, 535 (6th Cir. 2006) (citation omitted). The party arguing futility must "present facts supporting" his claim. *Willetts v. Ford Motor Co.*, 583 F.2d 852, 856 (6th Cir. 1978).

In the present case, Stephens makes conclusory statements regarding the futility of pursuing USFS administrative review procedures. However, he offers no facts or specific

occurrences to support his statements. Without more, he fails to satisfy the stringent futility exception to the exhaustion requirement.

        C.     *Ripeness*

The Court analyzes USFS's ripeness argument under Rule 12(b)(1). Because the doctrines of exhaustion and ripeness are closely intertwined, much of the reasoning in the exhaustion discussion above applies here. *Williamson County Reg'l Planning Comm'n v. Hamilton*, 473 U.S. 172, 193 (1985) (noting that "the policies underlying the two concepts often overlap"). The purpose of the ripeness requirement is to avoid premature litigation and to prevent federal courts from "entangling themselves in abstract" debates that may turn out differently in different situations. *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003). Similar to exhaustion, the ripeness requirement "protect[s] [] agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Abbott Laboratories Inc. v. Gardner*, 387 U.S. 136, 148 (1967).

In deciding whether a claim is ripe, a court must look to two considerations: (1) the "hardship to the parties of withholding court consideration" and; (2) the "fitness of the issues for judicial decision." *Id*. at 149. As discussed above, Stephens failed to pursue the mandatory exhaustion requirement which was listed in the USDA's Reorganization Act of 1994 and reprinted in the Decision Notice for the East Stearns Project. The availability of the administrative appeal process to Stephens establishes that there has not been a final administrative decision ripe for review. Stephens must exhaust his administrative remedies

in order to render his complaint fit for judicial review. *Toilet Goods Ass'n, Inc. v. Gardner*, 387 U.S. 158, 166 (1967) (observing that exhaustion of the administrative process would develop the factual basis of the case, placing the court in "a better position to deal with the question").

### IV. CONCLUSION

Having reviewed the record, the Court determines that Stephens has failed to exhaust his administrative remedies, thus depriving the Court of a final agency action ripe for judicial resolution. Further, Stephens has not made a clear showing that pursuing these remedies would be an exercise in futility. Accordingly, it is hereby

**ORDERED** as follows:

1. The Defendant USFS's motion to dismiss [Record No. 10] is **GRANTED**;

2. This action is **DISMISSED**, without prejudice, and stricken from the Court's active docket.

This 30th day of September, 2008.



Signed By:
*Danny C. Reeves* DCR
United States District Judge